UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B., a minor, by and through her guardian ad litem, Nia Baxter,<br><br>          Plaintiff,<br><br>v.<br><br>SAN DIEGO FAMILY HOUSING, LLC, et al.,<br><br>          Defendants. | Case No.: 24-cv-01391-JLS-DEB<br><br>**REPORT AND RECOMMENDATION RE: PETITION FOR APPROVAL OF MINOR'S COMPROMISE OF PLAINTIFF A.B.**<br><br>**[ECF No. 12]** |

This Report and Recommendation is submitted to the Honorable Judge Janis L. Sammartino, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California.

Before the Court is Plaintiff's Petition for Approval of Minor's Compromise of Plaintiff A.B. (ECF No. 12.) Defendants San Diego Family Housing and LMH Military Property Management LP (collectively, "Defendants") did not file a response to the Petition for Approval. After reviewing the Petition for Approval and all supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that Judge Sammartino **GRANT** the Petition for Approval.

///

I.  BACKGROUND

Plaintiff A.B. ("Plaintiff") is a minor, appearing by and through her guardian ad litem, Nia Baxter. (ECF No. 1-3 ("Compl.").) According to the allegations in the Complaint, Defendants owned, operated, and managed the Lofgren Terrace Apartments, located at 1698 Miracosta Circle, Chula Vista, CA. (*Id.* ¶¶ 11, 15.) On February 20, 2021, as a direct and proximate result of the allegedly dangerous conditions caused by Defendants, Plaintiff, a two-year old child, fell from a second story window at 970 Grossmont Court, Apartment 6, located within the Lofgren Terrace Apartments. (*Id.* ¶ 18; *see also* ECF No. 12-1 at 8.) Plaintiff sustained serious personal injuries. (*Id.* ¶¶ 18–19.)

As discussed in the Petition for Approval, after the incident, Plaintiff was transported via ambulance to Rady Children's Hospital and diagnosed with a retrobulbar hemorrhage, a sphenoid sinus fracture, a subdural hematoma, a closed fracture of frontal bone, a thoracic compression fracture, and a subarachnoid hemorrhage. (ECF No. 12 at 2–3.) Plaintiff spent six days in the hospital and underwent further post-charge care, including primary care visits, neurology visits, and speech therapy. (*Id.* at 3.) At present, Plaintiff is not currently being treated for any injuries related to the incident. (*Id.*)

On May 9, 2024, Plaintiff filed a complaint for negligence against Defendants in California Superior Court. (ECF No. 1.) On August 5, 2024, Defendants removed this action to federal court on the basis of federal enclave jurisdiction and federal agency jurisdiction. (*Id.*) After Defendants filed an Answer, the U.S. Magistrate Judge assigned to the case, Daniel E. Butcher, held an Early Neutral Evaluation Conference on October 2, 2024. (ECF No. 7.) The case settled. (*Id.*) Review of the petition for approval of the minor's compromise was thereafter referred to the undersigned judge for a report and recommendation. (ECF No. 8.) On November 6, 2024, as modified on November 7, 2024, Plaintiff filed the instant Petition for Approval of the Minor's Compromise. (ECF Nos. 10–12.) Defendants have not filed a response. (*See* ECF No. 7.)

///
///

## II. LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (citing Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.")). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation omitted).

Local Civil Rule 17.1 mandates that "[n]o action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR 17.1.a. The court is required to determine whether the settlement is in the best interests of the minor, considering not only the fairness of the settlement, but also the structure and manner of the plan for the payment and distribution of the assets for the benefit of the minor. *See* CivLR 17.1.b.

In the Ninth Circuit, courts reviewing the settlement of a minor's federal claims should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. Courts should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for . . . plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is

fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

The Ninth Circuit limited its decision in *Robidoux* to "cases involving the settlement of a minor's federal claims." *Id.* at 1179 n.2. Where a settlement involves state law claims, federal courts are generally guided by state law rather than *Robidoux*. *See Clines v. Cnty. of San Diego*, No. 20CV2504-W(BLM), 2022 WL 16851818, at *2 (S.D. Cal. Nov. 10, 2022), *report and recommendation adopted sub nom. K.C.A. by & through Purvis v. Cnty. of San Diego*, No. 20-CV-02504-W-BLM, 2022 WL 17097422 (S.D. Cal. Nov. 21, 2022); *Lobaton v. City of San Diego*, No. 3:15-CV-1416-GPC-DHB, 2017 WL 2610038, at *2 (S.D. Cal. June 16, 2017).

The California Probate Code provides the applicable statutory scheme for approval of a minor's compromise under state law. *See* Cal. Prob. Code §§ 3601, *et seq.* Under California law, the court is tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor. *See Espericueta v. Shewry*, 164 Cal. App. 4th 615, 625–26 (2008). The Court is afforded "broad power . . . to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Superior Ct.*, 23 Cal. App. 4th 1378, 1382 (1994); *see also Pearson v. Superior Ct.*, 202 Cal. App. 4th 1333, 1340 (2012) (explaining that the purpose of requiring court approval of a minor's settlement is to "allow[ ] the guardians of a minor to effectively negotiate a settlement while at the same time protect[ing] the minor's interest by requiring court approval before the settlement can have a binding effect on the minor").

Here, the initial complaint was filed in San Diego County Superior Court alleging a state law claim. (ECF No. 1.) The Court, therefore, will apply California law and focus on whether "the compromise is sufficient to provide for the minor's injuries, care and treatment." *Goldberg*, 23 Cal. App. 4th at 1382. Additionally, the Court will consider the *Robidoux* "framework for evaluating the reasonableness and fairness of Plaintiff's settlement." *Lobaton*, 2017 WL 2610038, at *2.

## III. DISCUSSION

To fulfill the special duty of the court to safeguard the interests of minors in the context of settlements proposed in a civil suit, the Court will analyze the proposed settlement, the method of disbursing Plaintiff's net recovery, and the amount of attorney's fees and costs.

### A. Proposed Net Settlement Amount for Plaintiff

As set forth in the Petition for Approval, the total settlement amount is $85,000. (ECF No. 12 at 3.) The proceeds are to be divided as follows: $10,000 to the Department of the Navy for reimbursement of its medical lien;[1] $5,418.98 to American Medical Response for a related unpaid medical expense;[2] $21,250 in attorney's fees; $2,093 in attorney's costs; and the remainder to Plaintiff. (*Id.* at 3–4.) Therefore, the net recovery to Plaintiff is $46,237.42. (*Id.* at 4.) Plaintiff requests that her net recovery be invested in a single-premium deferred annuity with New York Life Insurance Company. (*Id.*)

Plaintiff's net recovery reflects fair compensation for her alleged damages. *Cf. Tipton v. Camp Pendleton & Quantico Hous., LLC*, No. 3:22-CV-00167-W-AHG, 2022 WL 5133481, at *3–4 (S.D. Cal. Oct. 4, 2022) (granting petition for minor's compromise and approving proposed settlement of $3,750 to each minor for premises liability, negligence, and related claims where minors' symptoms fully resolved); *Sykes v. Shea*, No. CV 2:16-2851 WBS GGH, 2018 WL 2335774, at *2 (E.D. Cal. May 23, 2018) (approving net recovery of $38,993.02 for the minor plaintiff alleging negligence-based personal injury claims related to a motor vehicle collision). Plaintiff endured great physical and mental pain, but she is not undergoing ongoing treatment. (Compl. ¶ 18; ECF No. 12 at 2–3.) The proposed settlement allows for the certainty of recovery for Plaintiff, as opposed

---

[1] Plaintiff's medical expenses were paid, in large part, by the Department of the Navy. (ECF No. 12 at 3.) The Department of the Navy paid medical expenses totaling $30,153.89 but agreed to accept $10,000 in full satisfaction of its lien. (*Id.*; *see also* ECF No. 12-1 at 55.)

[2] (*See* ECF No. 12-1 at 62–64.)

to the uncertainty associated with a trial. Plaintiff contends that the facts and circumstances of the case presented considerable liability challenges in light of relevant case law. (ECF Nos. 12-1 at 2; 14 at 2.) Defendants in this case argued that this case was nearly indistinguishable from *Pineda v. Ennabe*, 61 Cal. App. 4th 1403, 1408 (1998), which holds that a landlord has no duty of care to ensure that a child tenant does not fall out of an ordinary second story window. (ECF No. 14 at 2.) Despite this, Plaintiff proceeded with the case to try "to obtain some measure of recovery." (ECF No. 12-1 at 2.) Accordingly, based upon a consideration of the facts, Plaintiff's claim, and the risks associated with trial, the Court concludes the proposed settlement is fair and reasonable under California and federal law standards.

### B. Method of Disbursement

"Money or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, et seq." CivLR 17.1.b.1. California law provides for a wide variety of methods for the disbursement of settlement funds to a minor. *See* Cal. Prob. Code §§ 3610 ("When money or other property is to be paid or delivered for the benefit of a minor or person with a disability under a compromise, covenant, order or judgment, and there is no guardianship of the estate of the minor or conservatorship of the estate of the person with a disability, the remaining balance of the money and other property (after payment of all expenses, costs, and fees as approved and allowed by the court under Section 3601) shall be paid, delivered, deposited, or invested as provided in this article."); 3611 (listing disbursement methods).

Here, the parties propose the $46,237.42 be invested in a single-premium deferred annuity with New York Life Insurance Company. (ECF No. 12 at 4.) The Court finds the proposed procedure for disposition of the funds consistent with the California Probate Code, because Plaintiff's $46,237.42 will be deposited in "a single-premium deferred annuity" until Plaintiff turns 18 years old. *See* Cal. Prob. Code § 3611(b). This would provide Plaintiff guaranteed monthly payments of $1,087.09 for seven years starting at age

18. (ECF No. 12-1 at 66.) The total guaranteed benefits would be $91,315.56. (*Id.*) The annuity has fixed benefits and is income tax-free. (*Id.*) The Court finds the method of disbursement reasonable and within the bounds of applicable law. *See* Cal. Prob. Code § 3602(c)(1) (providing an option that funds be deposited into a single-premium deferred annuity); *Shen by & through Brewster v. Club Med SAS*, No. 3:19-cv-00349-BEN-BGS, 2019 WL 6907803, at *3 (S.D. Cal. Dec. 19, 2019), *report and recommendation adopted*, 2019 WL 7343479, at *2 (S.D. Cal. Dec. 31, 2019) (approving disbursement of minor's settlement in structured annuities).

### C. Attorney's Fees and Costs

For district courts applying California law, "[i]n contingency fee cases, attorneys' fees for representing a minor historically have been limited to 25% of the gross recovery." *Clines*, 2022 WL 16851818, at *3 (collecting cases); *E.C. by and through Caraballo v. Lincoln Mil. Prop. Mgt. LP*, No. 21-CV-2070-JES-BLM, 2023 WL 5055474, at *3 (S.D. Cal. Aug. 8, 2023) (collecting cases); *S.G.P. v. Tehachapi Unified Sch. Dist.*, No. 1:22-cv-01066-ADA-BAK, 2022 WL 4450750, at *9 (E.D. Cal. Sept. 23, 2022), *report and recommendation adopted sub nom. S.G.P. v. Turlock Unified Sch. Dist.*, No. 11:22-cv-01066-ADA-CDB, 2022 WL 17406537 (E.D. Cal. Dec. 2, 2022) ("Attorneys' fees in the amount of twenty-five percent (25%) are the typical benchmark in contingency cases for minors."). "'[M]ost courts require[] a showing of good cause to award more than 25% of any recovery' and such an award is 'rare and justified only when counsel proves that he or she provided extraordinary services.'" *Clines*, 2022 WL 16851818, at *3 (quoting *Schwall v. Meadow Wood Apartments*, No. CIV. S-07-0014 LKK, 2008 WL 552432, at *1 (E.D. Cal. Feb. 27, 2008)). To determine whether a request for attorney's fee is reasonable, the court may consider factors such as the time and labor required, whether the minor's representative consented to the fee, the amount of money involved, the result obtained, and whether the fee is fixed, hourly, or contingent. *Clines*, 2022 WL 16851818, at *3 (citing Cal. R. Ct. 7.955(b)).

///

Here, Plaintiff's counsel is only seeking 25% of the gross recovery, which amounts to $21,250.[3] That is consistent with the contingency fee agreement Plaintiff signed with counsel at the outset of litigation. (ECF No. 12-1 at 69.) Plaintiff's counsel represents that the attorneys who worked on the case have extensive experience representing clients in personal injury cases and exercised substantial skill and expertise in resolving this case. (*Id.* at 3.) Counsel spent substantial amounts of time both before and during litigation. (*Id.*) The pre-litigation expenditure of time proved fruitful as counsel resolved this matter at an early stage in the proceedings and avoided extensive and costly litigation. (*Id.*) Upon consideration of the foregoing, the Court finds the attorney's fees requested to be fair and reasonable. The Court further finds Plaintiff's counsel's costs, which cover, *inter alia*, process services and stenographers, in the amount of $2,093.60, to be reasonable. (*See id.* at 74.)

## IV.   CONCLUSION

For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that Judge Sammartino issue an Order: (1) adopting this Report and Recommendation; (2) **GRANTING** Plaintiff's unopposed Petition for Approval (ECF No. 12); and (3) approving the proposed settlement as fair and reasonable.

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party to this action may file written objections with the Court and serve a copy on all parties no later than

///
///
///
///

---

[3] Counsel has provided no documentation in support of this attorney's fees request. Nonetheless, the Court finds that in consideration of the duration of this case, the amount of work performed by Plaintiff's counsel, and the fee request's adherence to an amount which does not exceed the 25% limit historically applied, the amount of attorney's fees sought, in this case, is reasonable and does not suggest that the settlement is unfair.

**January 20, 2025**.  The document should be captioned "Objections to Report and Recommendation."  If objections are filed, any reply is due by **February 3, 2025**.

**IT IS SO ORDERED.**

Dated:  January 6, 2025

Hon. Jill L. Burkhardt
United States Magistrate Judge